NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADNAN BASHIR,

      Petitioner,

  v.

PAMELA BONDI, Attorney General,

      Respondent.

No. 23-2459

Agency No.
A208-418-736

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2025**
Pasadena, California

Before: BOGGS***, FRIEDLAND, and BRESS, Circuit Judges.

Petitioner Adnan Bashir, a native and citizen of Pakistan, seeks review of a

decision by the Board of Immigration Appeals ("BIA") affirming the denial of his

application for asylum, withholding of removal, and protection under the

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal conclusions de novo and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we deny the petition.

1. Petitioner alleges that because he practices Shia Islam, he is at risk of violence from members of the extremist organization Lashkar-e-Jhangvi, which promotes Sunni Islam—the majority religion in Pakistan. The BIA agreed with the immigration judge ("IJ") that Petitioner's asylum and withholding of removal claims fail because he did not demonstrate that the government was unable or unwilling to control Lashkar-e-Jhangvi. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1071–72 (9th Cir. 2005).

Substantial evidence supports the BIA's decision. Although Petitioner testified that the police did not make any arrests when he reported being shot at by Lashkar-e-Jhangvi members, other evidence in the record indicates that the government has taken efforts to control Lashkar-e-Jhangvi, including by designating it as an official terrorist group and arresting militants who were planning an attack. Petitioner also wrote in his asylum application that, in another incident, the police responded to his call and arrested three individuals who were attempting to attack his place of worship. We accordingly affirm the denial of Petitioner's asylum and withholding of removal claims.

23-2459

2.   Substantial evidence supports the BIA's affirming the denial of Petitioner's CAT claim.  The BIA agreed with the IJ that Petitioner could relocate within Pakistan because the country-conditions evidence shows that there are "large Shia communities in major urban centres . . . where a person would not have a well-founded fear of persecution."  *Dawson v. Garland*, 998 F.3d 876, 884 (9th Cir. 2021) (holding that relocation is "one factor the BIA must consider in assessing the likelihood of future torture" although it is not "determinative on its own").  Petitioner argues that because Lashkar-e-Jhangvi is located throughout the country, its members would be able to find him, but Petitioner's unsupported assertion does not compel a different conclusion as to relocation.  *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) ("[Petitioner] testified that she would 'never be able to escape from [her husband] in Mexico' and that he would 'force [her] to be with him again.'  These statements, on their own, are insufficient to meet [Petitioner's] burden of proof.").  Substantial evidence also supports the BIA's conclusion that, for the same reasons explained above as to the withholding and asylum claims, Petitioner failed to show that the government would consent or acquiesce to his torture.  *See* 8 C.F.R. § 1208.18; *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("CAT relief is unavailable, despite a likelihood of torture, without evidence that the police are unwilling or unable to oppose the crime.").  We therefore affirm the denial of Petitioner's CAT

claim.

**PETITION DENIED.**